# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2019

Lyle W. Cayce
Clerk

No. 18-30622
Summary Calendar

JOHNNY SMITH,

> Petitioner-Appellant

v.

CLAYTON JOHNSON,

> Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CV-1138

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Johnny Smith, federal prisoner # 33172-034, filed a 28 U.S.C. § 2241 habeas petition challenging his disciplinary conviction asserting that the Disciplinary Hearing Officer (DHO) violated his due process rights by not providing him with a copy of an electronic message used to support his conviction. The district court denied the petition because Smith received due process in accordance with *Wolff v. McDonnell*, 418 U.S. 539, 556 (1977). Smith

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals.  We review the district court's factual findings for clear error and its conclusions of law de novo.  *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *McDonnell*, 418 U.S. at 556.  Even if a prisoner establishes that he was denied the procedural protections guaranteed by *McDonnell*, to obtain habeas relief, he must further establish that he was prejudiced by the constitutional violation.  *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).  Smith has failed to allege any prejudice arising from the DHO's failure to provide him with a copy of the message.  Additionally, Smith admitted the violation of prison rules.  Smith has not shown that the alleged due process violation had a substantial or injurious effect in determining the outcome of the disciplinary proceeding.  *See Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.